UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANI MOHSEN MAGRAD,

        Plaintiff,                       Civil Action No. 14-CV-12099
vs.                                        HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER (1) SUSTAINING IN PART DEFENDANT'S OBJECTIONS (Dkt. 19), (2) ACCEPTING IN PART THE RECOMMENDATION OF THE MAGISTRATE JUDGE AND REJECTING IN PART THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 18), (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15), AND (5) REMANDING TO THE COMMISSIONER FOR FURTHER CONSIDERATION</u>**

## I. INTRODUCTION

In this social security case, Plaintiff Hani Mohsen Magrad appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Elizabeth A. Stafford for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 14, 15), and Magistrate Judge Stafford issued an R&R recommending that the Court grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand this matter for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g) (Dkt. 18). Defendant filed objections to the R&R (Dkt. 19), and Plaintiff filed a response (Dkt. 20).

For the reasons that follow, the Court sustains Defendant's objections to the Magistrate Judge's recommendation that Plaintiff's case be remanded for an immediate award of benefits.

1

Because resolution of that issue disposes of this matter, the Court declines to address the remainder of Defendant's objections. Accordingly, the Court accepts in part and rejects in part the recommendation contained in the Magistrate Judge's R&R. Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded to the Commissioner for further consideration.

## II. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## III. ANALYSIS

Defendant objects to only a portion of the Magistrate Judge's R&R. Specifically, Defendant does not contest the Magistrate Judge's recommendation that this case be remanded because the ALJ failed to give good reasons for discounting Plaintiff's treating physicians'

opinions, thereby violating the treating physician rule. Def. Obj. at 1. Rather, Defendant argues that a remand for an award of benefits is not the appropriate remedy and asserts that, instead, this case should be remanded for further proceedings, specifically so that the ALJ can reevaluate certain treating physician opinions. Id. at 1-2, 5-7. Defendant also objects to several "conclusions of law," which the Magistrate Judge purportedly offered to support her recommendation, contending that those conclusions are at odds with established Sixth Circuit law. Id. at 2.

**A. Objection One: Form of Relief**

Defendant argues that remand for an award of benefits is inappropriate because there is no clear-cut evidence that the opinion of Dr. Newman, Plaintiff's treating physician, is entitled to controlling weight. Def. Obj. at 4. Specifically, Defendant asserts that the Magistrate Judge found the ALJ's treatment of Dr. Newman's opinion deficient, in part, because the ALJ erroneously attributed a competing functional capacity evaluation ("FCE") to a treating physician when it was actually conducted by a non-acceptable medical source, and because the ALJ failed to discuss several other restrictions set forth in Dr. Newman's opinion. Id. at 5. Defendant contends that the appropriate remedy for these particular errors is a remand so that the ALJ can reevaluate Dr. Newman's opinion. Id. at 5-6. Defendant also argues that an award of benefits is inappropriate because the Magistrate Judge concluded only that if Dr. Newman's opinion were controlling, then there would be strong proof of disability, with little evidence to the contrary, but that the Magistrate Judge never determined that Dr. Newman's opinion is entitled to controlling weight. Id. at 6. Thus, Defendant asserts, the Magistrate Judge never determined that the record contains the requisite proof for an award of benefits. Id. Defendant

3

further asserts that because other record evidence contradicts Dr. Newman's opinion, it may not be entitled to controlling weight, and remand for further consideration is necessary. Id. at 6-7.

In response, Plaintiff argues that the treating physician rule requires an ALJ to grant a treating physician's opinion controlling weight where that opinion is well-supported by medically acceptable diagnostic tests and is not otherwise inconsistent with the evidence in the record. Pl. Resp. at 6. Plaintiff argues that, here, the treating physician rule required the ALJ to give Dr. Newman's opinion controlling weight, and that the Magistrate Judge recommended as much. Id. at 7. Because the Magistrate Judge found that accepting Dr. Newman's opinion led to a finding of disability, Plaintiff asserts that remand for benefits is warranted. Id. at 7-8.

A court "can reverse the [ALJ's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994). At the district court level, ordering an award of benefits "is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. For instance, in Faucher, the Sixth Circuit identified a number of unresolved factual issues, such as whether there were jobs in the national economy that could accommodate the claimant's combined impairments, and also observed that the record contained conflicting evidence concerning the severity of the plaintiff's emotional impairments. Id.

The Court recognizes that this is a close case. Nonetheless, the Court opts to remand for further consideration — and not for an immediate award of benefits — because, while proof of disability is certainly strong, the Court cannot conclude that the record contains no evidence to the contrary. For instance, there is evidence potentially inconsistent with Dr. Newman's opinion in the form of another physician opinion, albeit from a non-treating examiner. See

4

Administrative Record ("A.R.") at 318-320. And, pursuant to the regulations, the ALJ is obliged to evaluate every medical opinion received, regardless of its source. 20 C.F.R. § 404.1527(c); see also Trent v. Comm'r of Soc. Sec., 165 F.3d 28, 1998 WL 639144, at *1 (6th Cir. 1998) (unpublished table decision) ("There are, however, opinions of two doctors with respect to plaintiff's emotional limitations. We agree that which of these two opinions, which do conflict, should be accepted . . . require remand [rather than an award of benefits]."). The ALJ also spoke at length about Plaintiff's credibility, A.R. at 27-30, which is an appropriate factor to consider in evaluating a claimant's disability, see Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003).

While the ALJ made a number of errors in her decision, as articulated in the Magistrate Judge's R&R and conceded by Defendant, the Court concludes the better course of action is to remand for the ALJ's further consideration in light of the Magistrate Judge's guidance. Indeed, "[t]he deferential standard of review applicable to these cases generally counsels in favor of hearing from the ALJ first." McClain v. Comm'r of Soc. Sec., 114 F. App'x 724, 727 (6th Cir. 2004).

Accordingly, the Court sustains Defendant's objection on this point, and remands Plaintiff's case for further consideration instead of an immediate award of benefits.

**B. Objection Two: Statements Made by the Magistrate Judge**

Defendant also objects to several statements offered by the Magistrate Judge on the basis that such statements do not conform to Sixth Circuit law. Def. Obj. at 2-4. However, because the Court has already sustained Defendant's objections to the form of relief required on remand, it is unnecessary to address the remaining objections, and the Court declines to do so. The Court accepts the recommendation in the Magistrate Judge's R&R only insofar as it recommends that

the ALJ made certain legal errors in the five-step analysis that warrant a remand — a conclusion not disputed by Defendant. The Court neither adopts nor rejects other matters addressed in the R&R.

## IV. CONCLUSION

As set forth above, the Court grants Plaintiff's motion for summary judgment (Dkt. 14), denies Defendant's motion for summary judgment (Dkt. 15), and remands this case pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

SO ORDERED.

Dated: September 23, 2015  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2015.

 s/Carrie Haddon
 Case Manager